UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

-FILED-

SEP 15 2021

At _____ M
GARY T. BELL, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INDICTMENT** |
| | ) | (Four Counts) |
| Plaintiff, | ) | |
| | ) | Cause No. **2:21-cr-134** |
| v. | ) | |
| | ) | |
| RAJESH KANURU, | ) | 18 U.S.C. § 153 |
| | ) | 18 U.S.C. § 1343 |
| Defendant. | ) | |

**THE GRAND JURY CHARGES:**

### COUNTS 1-3
### (Wire Fraud, 18 U.S.C. § 1343)

1. At all times relevant to this Indictment, the defendant,

**RAJESH KANURU**,

was an attorney with a legal practice located in Chicago, Illinois. KANURU operated his legal practice under the names "KP Law" and "Kanuru Law Group."

2. At all times relevant to this Indictment, KANURU represented clients Ronnie and Dana Nelson, who resided in the Northern District of Indiana.

## The Scheme

3. From in or about March 2012, and continuing through in or about August 2018, in the Northern District of Indiana and elsewhere, the defendant, RAJESH KANURU, with the intent to defraud, knowingly devised, intended to devise, and participated in a scheme to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

4. The purpose of the scheme was to defraud the Nelsons, their bankruptcy estate, the bankruptcy trustee, and the United States Bankruptcy Court for the Northern District of Indiana, and to obtain money for KANURU's personal use and benefit.

## Manner and Means

5. In or about March 2012, the Nelsons retained KANURU to represent them as plaintiffs in a civil personal injury and workers' compensation lawsuit.

6. On or about July 30, 2014, KANURU engaged in settlement negotiations on behalf of the Nelsons with the two sets of defendants named in the Nelsons' civil lawsuit. At that time, a settlement agreement was reached and the two sets of defendants agreed to pay the Nelsons a total of

approximately $350,000 to resolve the Nelsons' legal claims. The Nelsons signed the settlement agreement in January 2015.

7. In July and August 2015, the two sets of defendants in the Nelsons' civil lawsuit each delivered their respective settlement checks to KANURU— one check in the amount of $174,116.50 and one in the amount of $174,272.00—totaling $348,388.50. These checks were addressed to the Nelsons and their attorney.

8. On September 14, 2015, KANURU deposited the two settlement checks into KP Law's Interest on Lawyers' Trust Account ("IOLTA") with numbers ending in *1381, controlled by KANURU. At that time, KANURU did not notify the Nelsons that he had received the settlement proceeds.

9. In October 2015, the Nelsons hired a different attorney who specialized in bankruptcy because the Nelsons wanted to file for bankruptcy.

10. On November 13, 2015 (the "Petition Date"), the Nelsons filed a Chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of Indiana, docketed as Case No. 15-23558, *In re: Ronnie and Dana Nelson*. On the Petition Date, Paul Chael was appointed as the Chapter 13 bankruptcy trustee (the "Chapter 13 Trustee") to administer the Nelsons' bankruptcy estate, including to collect property of the estate and to make disbursements to the Nelsons' creditors.

11. As of the Petition Date, the settlement proceeds paid to the Nelsons were in KANURU's IOLTA Trust account *1381. On that date, the settlement proceeds became part of the Nelsons' bankruptcy estate, held by KANURU as a fiduciary of the Nelsons.

12. In their bankruptcy petition, the Nelsons disclosed that one of their assets was a potential civil lawsuit settlement award. At that time, KANURU had not yet informed the Nelsons or their bankruptcy attorney that KANURU had received the settlement proceeds.

13. On December 2, 2015, the Nelsons, through their bankruptcy attorney, filed a motion with the bankruptcy court for the authority to employ KANURU as "special counsel" in relation to the Nelsons' interest in their civil personal injury and workers' compensation lawsuit. As part of that motion, KANURU signed a verified statement under penalty of perjury in Bankruptcy Case No. 15-23558 in which he stated that the Nelsons had engaged his services to represent them in their civil lawsuit and that he had no other interest in the bankruptcy except to act as special counsel for the Nelsons. At that time, KANURU had still not informed the Nelsons, their bankruptcy attorney, the Chapter 13 Trustee appointed to the bankruptcy case, or the bankruptcy court itself that he had already received the settlement proceeds. Moreover, at that time, the settlement proceeds were still located in KANURU's IOLTA Trust account *1381.

14. On December 30, 2015, the bankruptcy court granted the motion and approved KANURU to act as "special counsel" in relation to the Nelsons' civil lawsuit. The order granting the motion provided that any settlement and/or final attorney compensation would be subject to the bankruptcy court's approval. On that date, the settlement proceeds were still located in KANURU's IOLTA Trust account *1381, and KANURU had not yet informed the Nelsons, their bankruptcy attorney, the Chapter 13 Trustee, or the bankruptcy court that he had received the settlement proceeds.

15. From approximately January 2016 to September 2016, while the Nelsons' bankruptcy case was pending, KANURU transferred almost all of the settlement proceeds—which were property of the Nelsons' bankruptcy estate—out of his IOLTA Trust account *1381. The money was transferred to another bank account controlled by KANURU. KANURU did not inform the Nelsons, their bankruptcy attorney, or the Chapter 13 Trustee of these transfers.

16. In February 2017 and March 2017, the Chapter 13 Trustee mailed letters to KANURU, asking for updates on the civil lawsuit. KANURU did not respond. By this time, KANURU had still not informed the Nelsons, their bankruptcy attorney, or the Chapter 13 Trustee that he had already received the Nelsons' settlement proceeds.

17. Because the Chapter 13 Trustee was having difficulty contacting KANURU, on April 19, 2017, the Chapter 13 Trustee filed a motion asking the Court to order KANURU to turn over the settlement proceeds and all records related to the settlement of the Nelsons' civil lawsuit.

18. On April 26, 2017, KANURU sent a fax transmission from his office in Illinois to the Chapter 13 Trustee in Indiana, requesting that the Chapter 13 Trustee contact KANURU in order to discuss the Nelsons' case. In that communication, KANURU did not inform, and continued to conceal from, the Chapter 13 Trustee that he had already received the settlement proceeds.

19. On May 16, 2017, KANURU sent an email from his business email address in Illinois to the Chapter 13 Trustee in Indiana, stating that he had settled the civil lawsuit for $350,000 and that he was claiming legal fees and expenses totaling more than $181,000. KANURU did not inform the Chapter 13 Trustee that he had already received the settlement proceeds.

20. On May 17, 2017, the bankruptcy court issued an order granting the Chapter 13 Trustee's April 19, 2017 motion and requiring KANURU to turn over all the settlement proceeds and all related information to the Chapter 13 Trustee. KANURU did not respond to, or comply with, the order and did not turn over any settlement proceeds to the Chapter 13 Trustee.

21. In July 2017, the bankruptcy court scheduled a hearing for August 21, 2017, at 2:00 p.m., regarding KANURU's purported expenses. The

Chapter 13 Trustee informed KANURU of this hearing by letter on August 1, 2017.

22. On the morning of August 21, 2017, the day of the court hearing, KANURU sent an email from his business email address in Illinois to the Chapter 13 Trustee in Indiana stating that he would not be able to attend the hearing that afternoon "due to a preexisting event with my children."

23. On August 22, 2017, KANURU transferred $1,500 of the Nelsons' settlement proceeds out of his IOLTA Trust account *1381 to a business account he controlled, leaving a balance of only $199.22 in the IOLTA account.

24. In September 2017 and October 2017, the Chapter 13 Trustee sent letters to KANURU advising him of the May 17, 2017 order from the Court and requesting KANURU to turn over the settlement proceeds. KANURU did not respond and did not turn over the settlement proceeds.

25. The bankruptcy court ordered KANURU to appear at court hearings held in May 2018, June 2018, and August 2018, but KANURU failed to appear at such hearings.

26. KANURU never turned over the Nelsons' settlement proceeds as directed by the bankruptcy court. Instead, he retained the settlement proceeds for his own personal use and benefit.

## Wire Fraud Counts

27. On or about the dates listed below, in the Northern District of Indiana and elsewhere, the defendant, RAJESH KANURU, for the purpose of executing and attempting to execute the scheme to defraud described above, did cause to be transmitted by means of wire communication in interstate commerce certain writings, signs, signals, and sounds, each transmission constituting a separate count:

| Count | Date of transmission* | Description of transmission |
|---|---|---|
| 1 | April 26, 2017 | Fax transmission from KANURU in Illinois to Trustee in Indiana |
| 2 | May 16, 2017 | Email from KANURU in Illinois to Trustee in Indiana |
| 3 | August 21, 2017 | Email from KANURU in Illinois to Trustee in Indiana |

*All dates are on or about.

All in violation of Title 18, United States Code, Section 1343.

**THE GRAND JURY FURTHER CHARGES:**

<u>COUNT 4</u>
**(Embezzlement Against Bankruptcy Estate, 18 U.S.C. § 153)**

28. The allegations in Paragraphs 1 through 27 of this Indictment are re-alleged and incorporated here.

29. From in or about November 2015 and continuing until in or about August 2018, within the Northern District of Indiana, the defendant,

**RAJESH KANURU,**

who was special counsel of the United States Bankruptcy Court for the Northern District of Indiana in Case No. 15-23558, *In re: Ronnie and Dana Nelson*, knowingly and fraudulently appropriated to his own use property— that is, settlement proceeds belonging to the bankruptcy estate of Ronnie and Dana Nelson, debtors—which was in his charge as attorney and special counsel of the bankruptcy court.

All in violation of Title 18, United States Code, Section 153.

## FORFEITURE ALLEGATION

30. The allegations contained in Counts 1 through 3 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

31. Upon conviction of any or all of the offenses in violation of Title 18, United States Code, Section 1343, set forth in Counts 1 through 3 of this Indictment, the defendant,

**RAJESH KANURU,**

shall forfeit to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses. The property to be forfeited includes, but is not limited to, the following: a money judgment in the amount of $348,388.50.

32. If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

  e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

Dated: September 15, 2021

            A TRUE BILL:

            *s/ Grand Jury Foreperson*
            Grand Jury Foreperson

APPROVED:

 TINA L. NOMMAY
 ACTING UNITED STATES ATTORNEY

By: *s/ Luke N. Reilander*
  Luke N. Reilander
  Assistant United States Attorney